FIDELITY TELEPHONE COMPANY and its subsidiary, Bourbeuse Telephone Company, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 77–1771.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1978.

Decided April 6, 1978.

---

Scott P. Watson and E. Bruce Mather of Constangy, Brooks & Smith, Atlanta, Ga., on brief for petitioner.

John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel and Elliott Moore, Deputy Associate Gen. Counsel and William R. Stewart and Morton Namrow, Attys., N. L. R. B., Washington, D. C., on brief for respondent.

Before LAY and HENLEY, Circuit Judges, and HANSON,* Senior District Judge.

LAY, Circuit Judge.

Fidelity Telephone Company brings this petition for review of a cease and desist order issued by the National Labor Relations Board finding Fidelity had violated §§ 8(a)(5) and 8(a)(1) of the National Labor Relations Act by refusing to bargain with a unit of the Communications Workers of America (the Union). Although admitting its refusal to bargain, Fidelity justifies its position by asserting that the Board improperly certified the Union. The Board seeks by cross-application to enforce its order.

Following an election petition filed with the Board, a secret ballot consent election was held on April 21, 1976. Out of 58 eligible voters 54 cast ballots, of which 25 were for the Union, 26 were against the Union, 3 were challenged and 2 ballots were void. The challenges were sufficient to affect the election and it was therefore set aside.

On August 31, 1976, the Regional Director ordered that a rerun election be held. On November 30, 1976, two weeks prior to the rerun election, a supporter of the Union, Myrna Mastin, threatened a co-worker, Cheryl Hunter, that if she did not vote for the Union in the election she (Mastin) would "get her" (Hunter). Hunter later informed another co-worker, Geraldine Neff, about the incident. The rerun election was held on December 15, 1976. Thirty ballots were cast for the Union, 25 against the Union, and three ballots were challenged.

On December 17, 1976, Fidelity filed a timely objection to the election alleging that:

The [Union] by and through its officers, representatives, agents and others threatened coerced and intimidated eligible voters which interfered with the employees' freedom of choice.

Following an investigation, a hearing was ordered by the Board's Acting Regional Director. Subsequent to the hearing in which all parties appeared and participated, on February 2, 1977, the hearing officer issued his Report and Recommendation overruling Fidelity's objections. The Regional Director affirmed the hearing officer's rulings, finding that Mastin was not an agent of the Union. The record indicates that, although Mastin did tell others of Union

---

* William C. Hanson, Senior District Judge, Southern District of Iowa, sitting by designation.

organizational meetings pass out pamphlets, and act as a Union observer at the first election, she did not undertake any of these activities during the second election. In addition, Mastin was never authorized to speak for the Union, received no compensation from the Union and held no official position in the Union. Finally, there was no evidence that the Union knew of or condoned Mastin's conduct.

The Regional Director also found that Mastin's statement did not create a general atmosphere of fear and reprisal rendering a free election impossible, noting that the Mastin-Hunter threat was the only such incident that occurred in an organizational campaign covering almost an entire year. The record establishes that only two employees knew of the threat, that the employer took no action after being informed of the threat, and that there was no evidence that either Hunter or Neff did not vote in the election or that they changed their votes as a result of the threat. On May 9, 1977, the Board certified the Union after adopting the Regional Director's findings and recommendations.

Fidelity, however, refused to bargain maintaining that the Union had been improperly certified. Following a complaint filed by the Union, counsel for the General Counsel of the Board filed a motion for a summary judgment on the issue of Fidelity's refusal to bargain and obtained a transfer of the case to the Board. On September 30, 1977, the Board granted summary judgment holding that

> a respondent in a proceeding alleging a violation of Section 8(a)(5) is not entitled to relitigate issues which were or could have been litigated in a prior representation proceeding.

After reviewing the record we hold that the Regional Director's findings which were adopted by the Board and which formed the basis of the Union's certification were supported by substantial evidence on the record as a whole. The Union having been properly certified, Fidelity's refusal to bargain with the Union clearly violated §§ 8(a)(5) and 8(a)(1) of the Act.

The Board's order is therefore enforced.